**MANDATE** CONN/NHCT
03-CR-146
Chatigny

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 19th day of April, two thousand and five.

PRESENT:

      HON. GUIDO CALABRESI,
      HON. JOSÉ A. CABRANES,

                    *Circuit Judges*,

      HON. JANET C. HALL,

                    *District Judge*.[*]

---

UNITED STATES OF AMERICA,

    *Appellee*,

    v.                                                                                      No. 04-4392

AARON J. CELIS,

    *Defendant-Appellant*,

---

[*] The Honorable Janet C. Hall, United States District Judge for the District of Connecticut, sitting by designation.

1

ISSUED MANDATE: 5-10-05

| | |
|---|---|
| For Appellee: | JAMES K. FILAN, JR., *for* Kevin J. O'Connor, United States Attorney for the District of Connecticut (William J. Nardini, *on the brief*) |
| For Defendant-Appellant: | AUDREY A. FELSEN, Law Offices of Bruce D. Koffsky, Stamford, CT |

Appeal from the United States District Court for the District of Connecticut (Chatigny, J.).

---

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and it hereby is **AFFIRMED**.

---

Defendant-Appellant Aaron J. Celis, II ("Celis") appeals from a judgment of conviction for making a false statement in violation of 18 U.S.C. § 1001(a)(2). On appeal, Celis contends that there was insufficient evidence to prove two of the elements of § 1001(a)(2): 1) that Celis's statement was false; and 2) that Celis's statement was material. We assume that the parties are familiar with the facts, the procedural history, and the scope of the issues presented on appeal.

A defendant challenging a conviction on sufficiency grounds "bears a heavy burden." *United States v. Masotto*, 73 F.3d 1233, 1241 (2d Cir. 1996). The court must consider the evidence presented at trial in the light most favorable to the government, crediting every inference that the jury might have drawn in favor of the government. *United States v. Jackson*, 335 F.3d 170, 180 (2d Cir. 2003). Only where no rational trier of fact could have found that the defendant's guilt was established beyond a reasonable doubt will a defendant be able to prevail on a sufficiency challenge. *See, e.g., United States v. Payton*, 159 F.3d 49, 55-56 (2d Cir. 1998).

Celis cannot meet this standard. Viewed favorably to the government, the evidence introduced at trial proved: 1) that Celis has two felony convictions; 2) that Celis wrote "N/A" in

response to a criminal history question on a security clearance form; 3) that Celis certified that his responses on the security clearance form were "correct [and] without consequential omissions"; and 4) that Celis would not have been granted security clearance, had he reported his convictions. This evidence was adequate to prove both the falsity of Celis's statement, *see, e.g., United States v. Mattox*, 689 F.2d 531, 532-33 (5th Cir. 1982), and the materiality of that statement. *See United States v. Whab*, 355 F.3d 155, 163 (2d Cir. 2004) (a false statement is material within the meaning of § 1001 if "it has a 'natural tendency to influence, or is capable of influencing, the decision of the decisionmaking body to which it was addressed.'") (quoting *Neder v. United States*, 527 U.S. 1, 16 (1999)).

We have considered all of Celis's arguments and find them to be without merit. We therefore AFFIRM the judgment of the district court.

For the Court,

ROSEANN B. MACKECHNIE,

Clerk of the Court

By: *Lucille Carr*

A TRUE COPY
Roseann B. Mackechnie, CLERK
by _____
DEPUTY CLERK